[No. G001399. Fourth Dist., Div. Three. Dec. 19, 1985.]

**B. A. STOFFEL, Plaintiff and Respondent, v.
JACK C. DUTTON, Defendant and Appellant.**

1186

## COUNSEL

Thomas F. Goodman for Defendant and Appellant.

Gary E. Gunderman and W. Randall Schmid for Plaintiff and Respondent.

## OPINION

**CROSBY, J.**—Is a judgment debtor's home which became exempt from execution under former law again subject to levy after enactment of the Enforcement of Judgments Law? *Yes.*

## I

B. A. Stoffel obtained a judgment against Jack C. Dutton in March 1976. Dutton and his wife were then owners in joint tenancy of homesteaded real property located in Anaheim. Stoffel obtained a writ of execution to levy on the property but failed to timely petition for the appointment of an appraiser, and the execution lien was removed (former Civ. Code, § 1245).[1]

---

[1]Section 1245 provided, "When an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1241 is levied upon the homestead, the judgment creditor may at any time within sixty days thereafter apply to the superior court of the county in which the homestead is situated for the appointment of persons to appraise the value thereof, and if such application shall not be made within sixty days after the levy of such execution the lien of the execution shall cease at the expiration of said period, and no execution based upon the same judgment shall thereafter be levied upon the homestead."

Thereafter, Dutton conveyed his interest in the property to his wife; and Stoffel filed suit to set aside the conveyance, claiming it was fraudulent and made only to avoid the judgment. Dutton defended on the basis Stoffel could not be damaged even if the conveyance were fraudulent because the provisions of then Civil Code section 1245 barred Stoffel from attempting to levy on the property a second time (see *ante,* fn. 1). The trial court agreed, and judgment was rendered in Dutton's favor.

In 1979 Civil Code section 1245 was amended, and the rule limiting creditors to one opportunity to perfect an execution lien was removed. Nevertheless, it was still impossible to obtain a judgment lien on homesteaded property. Effective July 1, 1983, however, the Enforcement of Judgments Law (Code Civ. Proc., § 680.010 et seq.) superseded Civil Code section 1245, which was repealed. Under the new law it finally became possible to create a judgment lien on homesteaded property. The lien is created by recording an abstract of judgment (Code Civ. Proc., § 697.060) and attaches to the value of the property in excess of the statutory homestead exemption and all liens and encumbrances in existence when the abstract of judgment is recorded. (Code Civ. Proc., § 704.950, subd. (c).)

In December 1983, after the new law became effective, Stoffel once again levied on the Anaheim property and petitioned the court for a sale under Code of Civil Procedure section 704.770. Dutton sought to quash the writ of execution and vacate the levy solely on the basis that the decision in Stoffel's earlier action to set aside the allegedly fraudulent conveyance was res judicata and precluded him from ever seeking to levy on the property again. Dutton did not claim the new law could not be applied to this judgment. The court denied the motion to quash and ordered the house sold. Dutton reiterates the res judicata argument here and for the first time also urges that the new Enforcement of Judgments Law may not be applied retroactively to expose previously levied-upon homesteaded property to execution.

## II

■ The judgment in Stoffel's action to set aside the allegedly fraudulent conveyance to Dutton's wife is not res judicata. The effect of that judgment was to bar Stoffel from proceeding under then existing law. Dutton's defense was in the nature of a plea in abatement, and the judgment was not on the merits. Consequently, once the statutory change was effected, the judgment no longer operated as a bar.

■ The real question is whether the comprehensive revisions in California's law for enforcement of judgments are retroactive to this case. The

Legislature has provided the new law may be applied "to all proceedings commenced prior [to its enactment] unless in the opinion of the court application of a particular provision of this title would substantially interfere with the effective conduct of the proceedings or the rights of the parties or other interested persons, in which case the particular provision of this title does not apply and prior law applies." (Code Civ. Proc., § 694.020.)

In enacting the new procedures to enforce judgments, the Legislature recognized the continued viability of the declaration of homestead, but determined it was now "effective only to the extent provided in Article 5 (commencing with Section 704.910) of Chapter 4 of Division 2." (Code Civ. Proc., § 694.090.) Thus, a declaration of homestead no longer exempts the property from a preexisting judgment lien. (Code Civ. Proc., § 704.950, subd. (c).) As one commentator has stated, "On July 1, 1983, the strengthened judgment lien will attach to all interests in real property . . . in the county where *existing and future abstracts* are recorded. . . . [Code Civ. Proc.,] § 697.340." (Program material, The New Enforcement of Judgments Act (Cont.Ed.Bar 1983) p. 1, italics added.)[2]

Moreover, Code of Civil Procedure section 703.060 codified the policy of this state to the effect that exemptions do not create vested rights: "(a) The Legislature finds and declares that generally persons who enter into contracts do not do so in reliance on an assumption that the exemptions in effect at the time of the contract will govern enforcement of any judgment based on the contract, that liens imposed on property are imposed not as a matter of right but as a matter of privilege granted by statute for purposes of priority, that *no vested rights with respect to exemptions are created by the making of a contract or imposition of a lien,* that application of exemptions and exemption procedures in effect at the time of enforcement of a judgment is essential to the proper balance between the rights of judgment debtors and judgment creditors and has a minimal effect on the economic stability essential for the maintenance of private and public faith in commercial matters, and that *it is the policy of the state to treat all judgment debtors equally with respect to exemptions and exemption procedures in effect at the time of enforcement of a money judgment.* To this end, the Legislature reserves the right to repeal, alter, or add to the exemptions and the procedures therefor at any time and intends, unless otherwise provided by statute, that any repeals, alterations, or additions apply upon their operative date to enforcement of all money judgments, whether based upon tort, contract, or other legal theory or cause of action that arose before or

---

[2]Dutton cites Code of Civil Procedure section 694.040 for the proposition that the new law was not intended to be retroactive. That section is not apt, however. It applies only to writs and orders which were in the *process* of execution on July 1, 1983, when the new law went into effect, and then only as "to prior law relating to sale or delivery of possession."

after the operative date of the repeals, alterations, or additions, whether the judgment was entered before or after the operative date of the repeals, alterations, or additions. [¶] (b) All contracts shall be deemed to have been made and all liens on property shall be deemed to have been created in recognition of the power of the state to repeal, alter, and add to statutes providing for liens and exemptions from the enforcement of money judgments."

In summary, the Legislature clearly mandated retroactive application of the new law unless it would "interfere with the effective conduct of the proceedings or the rights of the parties . . . ." (Code Civ. Proc., § 694.020.) It also declared this state's policy that statutory exemptions do not vest and become immune to legislative revision or repeal. Thus, although the general rule is that statutes operate only prospectively in the absence of a clear legislative expression to the contrary (see, e.g., *Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041 [192 Cal.Rptr. 341]), the Legislature has made such an expression here. Dutton is being treated in the same manner as "all judgment debtors . . . with respect to exemptions and exemption procedures [currently] in effect" for the enforcement of a money judgment. (Code Civ. Proc., § 703.060, subd. (a).) We find no interference with his "rights." (Cf. *Wolfe* v. *Lipsy* (1985) 163 Cal.App.3d 633, 642-643 [209 Cal.Rptr. 801].)

Judgment affirmed. Respondent is entitled to costs on appeal.

Sonenshine, Acting P. J., and Wallin, J., concurred.