[No. A052337. First Dist., Div. Five. Nov. 20, 1991.]

NORMA SPENCER, as Executrix, etc., Plaintiff and Appellant, v. DONALD RAY LOWERY et al., Defendants and Respondents.

---

**COUNSEL**

Mathews & Kluck and Francis B. Mathews for Plaintiff and Appellant.

Traverse & Karjola and Leon A. Karjola for Defendants and Respondents.

---

**OPINION**

**LOW, P. J.**—Plaintiff appeals from the grant of defendants' claim of statutory homestead exemption under Code of Civil Procedure section 704.720, subdivision (b).[1] Plaintiff contends defendants are not entitled to the statutory homestead exemption because the sale of defendants' home under a power of sale in a deed of trust was not in execution of a money judgment, as required under section 704.720, subdivision (b). We agree and reverse.

Plaintiff Norma Spencer is the executrix of the estate of Anthony Kryla. An action was filed during Kryla's lifetime against the defendants Donald and Sharon Lowery for, inter alia, constructive trust of Kryla's real property. After Kryla's death, the action was pursued to judgment by plaintiff, who then commenced enforcement of the judgment. On November 16, 1990, defendants' home was sold by the California Reconveyance Company, as trustee, when defendants defaulted in the payment of a note secured by a deed of trust. Defendants claimed exemption for the $7,000 in proceeds in surplus of the note. The court allowed the exemption.

█ Plaintiff asserts that because the foreclosure sale of defendants' home was not in execution of a money judgment, defendants are not entitled to the statutory homestead exemption under section 704.720, subdivision (b)

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

(hereafter section 704.720(b)). The defendants contend that section 704.720(b) exempts proceeds from all involuntary sales.

Section 704.720(b) reads in part: "If a homestead is sold *under this division* . . . the proceeds of sale . . . are exempt in the amount of the homestead exemption . . . ." (Italics added.) The section's reference is to division 2 of title 9 of the Code of Civil Procedure (§§ 695.010-709.030), which is concerned with the enforcement of money judgments. Sections 701.510 to 701.640 describe the procedures for the sale of real property in execution of a money judgment. Sales "under this division" referred to in section 704.720(b) are sales in execution of a money judgment. This category does not include a sale pursuant to the power of sale in a deed of trust or mortgage; such sales are not within the referenced division, but instead are described in Civil Code sections 2924 to 2924k. There is nothing ambiguous or uncertain in section 704.720(b) which would require us to examine any policy concerns or legislative history. Since defendants' property was not sold in execution of a money judgment, they are not entitled to the statutory homestead exemption.

The confusion between the parties regarding whether section 704.720(b) refers only to an execution sale, as plaintiff asserts, or includes all involuntary sales, as defendants contend, may be attributed to the 1982 legislative committee comment. (See legis. com. com., Deering's Ann. Code Civ. Proc. (1983) § 704.720, p. 417.) The comment states, "Subdivision (b) provides an exemption for proceeds of an *execution sale* of a homestead," and also explains that "proceeds of a *voluntary sale* of the homestead are not exempt." (Italics added.)The first part of the legislative committee comment makes clear that the exemption applies to "execution sales." However, the illustration that a "voluntary sale" of a homestead would not be exempt may suggest the converse, that proceeds of all involuntary sales are exempt. Despite the possibly ambiguous legislative committee comment, the language of the statute itself is clear.

Examination of related provisions supports our conclusion. Defendants' argument that a foreclosure sale is included within the meaning of section 704.720(b) would imply that subdivision (a) of the same section also includes foreclosure sales. Subdivision (a) states: "A homestead is exempt from sale *under this division* to the extent provided in section 704.800." (Italics added.) Section 704.800, subdivision (a) provides that a homestead shall not be sold if no bid is received at the sale which exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property. Under defendants' reading of section 704.720, there could be no foreclosure of a home unless the bid price exceeded the amount of the homestead exemption plus the outstanding

amount of the mortgage. In other words, no mortgage or deed of trust could be foreclosed if the equity in the home were less than the statutory homestead amount. That is not the rule.

Section 703.010, subdivision (b) provides that the exemptions in chapter 4 of division 2, including the homestead exemption, "do not apply if the judgment to be enforced is for the foreclosure of a mortgage [or] deed of trust." Thus, "sale under this division" in section 704.720, subdivision (a) cannot include a foreclosure sale, and there is nothing to suggest a different meaning for "sold under this division" in section 704.720(b).

In *In re Cole* (Bankr. 9th Cir. 1988) 93 Bankr. 707, the Ninth Circuit bankruptcy appeals panel interpreted section 704.720(b) to include all forced sales. The district court concluded that a sale under chapter 11 is not equivalent to an execution of judgment sale as contemplated by section 704.720(b) and, therefore, the proceeds from the sale were not exempt. In reversing, the Ninth Circuit *assumed* that the proceeds of all forced or involuntary sales were exempt, and held that a sale under chapter 11 was forced and therefore within the exemption. (*Id.*, at pp. 709-710.)

We decline to follow the Ninth Circuit's interpretation of section 704.720 for two reasons. ■ First, we are not bound by a federal court's opinion on matters of California law. (*Bank of Italy etc. Assn.* v. *Bentley* (1933) 217 Cal. 644, 653 [20 P.2d 940].) Second, the Ninth Circuit's rationale is flawed in that the court never discussed the precise language of the statute which states that the exemption applies only "[i]f a homestead is sold under this division." The court instead assumed that all involuntary sales were within the exemption, and concluded that the category of forced or involuntary sales should be construed broadly to include reorganizations under chapter 11. "[E]xemptions are to be interpreted liberally and in the debtor's favor whenever possible. [Citation.]" (*In re Cole, supra*, 93 Bankr. at p. 709.)

While we agree with the policy of liberal interpretation, and see no obvious reason to distinguish for purposes of the proceeds exemption between a foreclosure sale and a sale in execution of money judgment, we must follow the plain language of the statute. Under section 704.720(b), the proceeds of a sale pursuant to a deed of trust's power of sale are not exempt from execution to satisfy a money judgment.

The order granting the claim of exemption is reversed. Appellant to recover costs on appeal.

King, J., and Haning, J., concurred.