**In re William H. PLADSON and Barbara J.P. Snethen, Debtors.**

**No. C–93–0273 VRW.**

United States District Court, N.D. California.

May 7, 1993.

---

Jeffery Wurms, Wendel, Rosen, Black, Dean and Levitan, Oakland, CA, for appellant/plaintiff.

Anthony P. Fritz, Fritz & Myers, San Francisco, CA, for appellee/defendant.

## ORDER

WALKER, District Judge.

This bankruptcy appeal presents the question whether debtors who have filed a petition under Chapter 7 of the Bankruptcy Code are entitled to the homestead exemption provided under CCP § 704.710 et seq. The Bankruptcy Court concluded that the debtors are so entitled. This court reverses.

■ The Bankruptcy Court misinterpreted the plain meaning of the homestead exemption statute and misapplied binding California case law. Section 704.720(b) provides in relevant part: "If a homestead is sold under this division * * * the proceeds of sale * * * are exempt in the amount of the homestead exemption provided in Section 704.730." The phrase "under this division" refers to a division in the California Code of Civil Procedure entitled "Enforcement of Money Judgments." The bankruptcy sale at issue here is not an enforcement of a money judgment and hence the debtors here cannot invoke § 704.720. In *Spencer v. Lowery*, 235 Cal.App.3d 1636, 1 Cal.Rptr.2d 795 (1991), a California Court of Appeal reached the same conclusion on similar facts, holding that a sale of a home under a power of sale in a deed of trust was not an execution of a money judgment to which § 704.720 applied. The Court of Appeal specifically noted that § 704.720 could not have created a homestead exemption for all involuntary sales since the statute clearly limits its scope to sales "under this division." 1 Cal.Rptr.2d at 796.

The Bankruptcy Court considered *Spencer* but declined to expand its application to sales under Chapter 7. The Bankruptcy Court reasoned that it would be "inconsistent" with California public policy favoring the creation of homesteads "to protect only debtors who have lost their homes at execution sale before they file bankruptcy, while depriving debtors who have not suffered the loss of their home of all homestead protection." *In re Pladson*, No. 92–42770–JK at 2 (N.D.Cal.Bankr., Dec. 2, 1992).

While certain policy considerations might support the Bankruptcy Court's ruling, this court cannot ignore *Spencer*. Because the California Supreme Court has not ruled on this issue, the decision of the Court of Appeal is controlling authority. *State Farm Fire and Casualty Company v. Abraio*, 874 F.2d 619, 621 (9th Cir.1989). In *Spencer*, the Court of Appeal explicitly criticized the Ninth Circuit Bankruptcy Appeals Panel's decision in *In re Cole*, 93 B.R. 707 (9th Cir. BAP 1988), which upheld a homestead exemption in a sale under Chapter 11 of the bankruptcy laws. The *Spencer* court emphasized that the *Cole* decision was "flawed in that the court never discussed the precise language of [§ 704.720] which states that the exemption applies

only '[i]f the homestead is sold under this division.'" 1 Cal.Rptr.2d at 797.

Appellee also argues that § 703.140 supports the Bankruptcy Court's decision. Section 703.140 provides in relevant part: "If a petition is filed under Title 11 of the United States Code [the Bankruptcy Code], the exemptions provided by this chapter [which includes § 704.720] * * * shall be applicable." Because of § 703.140, § 704.-720 entitles bankruptcy debtors to a homestead exemption when a money judgment is enforced, but § 703.140 does not expand the homestead exemption to all types of forced sales. This is the teaching of *Spencer*, and this court cannot stray from that decision.

The decision of the Bankruptcy Court is **REVERSED.**

SO ORDERED.