**In re Frank and Patricia DONALDSON, Debtors.**

**Bankruptcy No. 91–11226.**

United States Bankruptcy Court,
N.D. California.

July 21, 1993.

Patricia H. Lyon, Buchalter, Nemer, Fields & Younger, San Francisco, CA for Jeffry G. Locke, trustee.

## ORDER OVERRULING OBJECTION TO HOMESTEAD EXEMPTION

ALAN JAROSLOVSKY, Bankruptcy Judge.

Prior to bankruptcy, a deed of trust holder foreclosed on the debtor's home. The debtors took the position that the foreclosure procedure was defective, and brought suit to invalidate the sale. As a settlement of the suit, the parties agreed that the debtors would have a specified amount of time to sell the property; if they were successful, the creditor would take only what was due on its note.

The debtors failed to sell their property within the agreed time. Instead, they filed a Chapter 11 petition and sought more time from the court. The debtors unsuccessfully attempted to represent themselves, and a trustee was appointed to represent their estate. The trustee was able to reach a new agreement with the secured creditor along the lines of the previous agreement, and was successful in selling the property. The issue now before the court is whether the debtors are entitled to a homestead exemption on the proceeds of sale.[1]

## EXEMPTIBLE INTEREST

■ The trustee's first argument is that the proceeds from the sale of the residence are not subject to a homestead exemption because they are in essence proceeds from litigation. He argues that the debtors lost their home to foreclosure before bankruptcy, and accordingly had no interest in the home to exempt.

The flaw in this argument is that the debtors' original allegations that the foreclosure was defective, however meritless they may have appeared, were never litigated. In return for more time to find a buyer and salvage the equity in the home, the trustee compromised the claim away. However, the possibility that the foreclosure was defective meant that there was a possibility that the debtors were still the owners of the property, and in any event they retained a possessory interest throughout the bankruptcy proceedings. While hardly having clear title, the debtors certainly had an interest in the property. Since they had an interest, and since the property meets the definition of "homestead" in section 704.710(c) of the California Code of Civil Procedure, the debtors may claim a homestead exemption even if their title prior to sale was subject to dispute.

## VIABILITY OF HOMESTEAD EXEMPTION

■ The trustee's next argument is much more revolutionary and far-reaching in scope. Based on a recent district court decision, *In re Pladson*, 154 B.R. 305 (N.D.Cal.1993), the trustee argues that there is no right to a homestead exemption when the trustee sells a homestead because the exemption only applies when there is

---

1. The debtors filed their petition in 1991, so that their original claims of exemption have long since become final. However, in another of the procedural blunders which have characterized the debtors' attempts to represent themselves, they filed an amended (and patently defective) list of exemptions in March of 1993, and the trustee filed a timely objection. While the court ordinarily allows litigants to live with the consequences of their own mistakes, it is usually solicitous where homestead rights may be forfeited due to ignorance or lack of competent counsel.

an execution sale outside of bankruptcy. For the reasons discussed below, the court declines to follow this decision.

■ Applying state homestead exemption law in a federal bankruptcy context has always been, to some extent, fitting a square peg into a round hole. Under state law, exemptions are claimed when a creditor seeks sell the debtor's home to enforce a money judgment. Pursuant to federal bankruptcy procedure, exemptions are claimed when the case is commenced and become final thirty days after the conclusion of the meeting of creditors. Property which has been claimed exempt is forever protected from most prepetition creditors, even if the trustee does not actually sell the asset in which the exemption has been claimed. 11 U.S.C. section 522(c).

The bankruptcy courts can take one of two approaches to adapting state homestead law to bankruptcy proceedings: they can treat a bankruptcy as the equivalent of enforcement of a money judgment under state law, or they can strictly interpret state law and determine that since there is no actual sale by a creditor, there is no applicable exemption. A few bankruptcy courts have taken the latter approach (see, e.g., *In re Martin*, 6 B.R. 827 (Bankr. C.D.Cal.1980); *In re Knudsen*, 80 B.R. 193 (Bankr.C.D.Cal.1987)), but these cases have always been reversed or disapproved by appellate courts. See *In re Herman*, 120 B.R. 127 (9th Cir.BAP 1990); *In re Weiman*, 22 B.R. 49 (9th Cir.BAP 1982); *In re Sanford*, 8 B.R. 761 (N.D.Cal.1981). The district court in *Pladson* is the first appellate court to take the strict view of homestead rights in bankruptcy.

The district court in *Pladson* evidently felt bound by *Spencer v. Lowery*, 235 Cal. App.3d 1636, 1 Cal.Rptr.2d 795 (1991), because that court had criticized a bankruptcy case relied upon by the debtor, *In re Cole*, 93 B.R. 707 (9th Cir.BAP 1988). However, an analysis of both cases merely demonstrates that it is difficult to apply state homestead law in a bankruptcy context and that the difficulty is compounded when a litigant outside of bankruptcy relies on bankruptcy precedent. The holding in *Spencer* that a homestead may not be claimed after a foreclosure sale is not violated by a holding that a homestead may be claimed in bankruptcy.

Since Congress gave the individual state legislatures the power to decide what exemptions their citizens may claim in bankruptcy, the ultimate task of this court is to determine the intent of the California legislature. The court begins by noting that California intended a liberal homestead statute, so that its citizens would not lose their homes through a technicality. See *San Diego White Truck Co. v. Swift*, 96 Cal.App.3d 88, 92, 157 Cal.Rptr. 745 (1979). This intent would be stood on its head by a rule that protected a debtor outside of bankruptcy but dictated that when the debtor files for bankruptcy relief he loses that protection.

Moreover, hundreds of thousands of debtors have been allowed to claim homestead exemptions in bankruptcy since the Code was enacted. If California intended that its citizens forfeit their homestead rights upon filing a bankruptcy, it would certainly have acted by now to make such an intention known. It is much more likely that the California legislature intended exactly what the bankruptcy courts have been doing: allowing state law to govern what property may be homesteaded (CCP secs. 704.710(a) and (c)), and what the amount of the homestead exemption is (sec. 704.730), and then applying bankruptcy procedure as to how the exemption is given effect in bankruptcy.

■ The court believes that the analysis and ruling of District Judge Patel in *In re Sanford*, supra, ought to be followed in this case.[2] In that case, Judge Patel reasoned that California homestead law should be applied in a bankruptcy case in the broadest manner in order to accomplish its benevolent purpose. She refused to adopt the trustee's technical argument which would have resulted, as here, in the forfei-

---

2. *Sanford* dealt with California Code of Civil Procedure section 690.31, the predecessor statute to sections 704.710 et seq. There are no material differences.

ture of the homestead exemption upon the filing of a bankruptcy.

■ The court likewise finds persuasive the appellate panel decision in *In re Herman,* supra, 120 B.R. at 131–32. The court there noted:

> Virtually all state exemptions protect judgment debtors from execution sales or other attempts to enforce judgments against certain property of the debtor. To require such a sale before a debtor could use state law exemption in bankruptcy would eviscerate the purpose and function of exemptions and lead to absurd results.

The court in *Herman* resolved the procedural problems inherent in adopting non-bankruptcy law to bankruptcy situations by making the filing of a bankruptcy petition the functional equivalent of a forced sale by a creditor. This appears to be exactly what the California legislature intended, and avoids the absurd result that a debtor forfeits an exemption by filing a bankruptcy petition. To hold otherwise would mean that even though no creditor could touch exempt equity in a home prior to bankruptcy, they may all share in the same equity after bankruptcy.

### STARE DECISIS

■ The trustee argues that this court is bound by the doctrine of *stare decisis* to follow the ruling of the district court in *Pladson* even though it believes it to be incorrect. While the court might be bound to follow the decision if there were no other appellate authority, it is not bound where there is conflicting authority. The bankruptcy appellate panel, in the decisions discussed above, has made it clear that properly claimed state exemptions have effect in bankruptcy even when the exempt property is sold by the trustee. The rule of *stare decisis* "has no application when there is more than one appellate court decision and such decisions are in conflict. In such a situation, the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions." *Auto Equity Sales, Inc. v. Superior Court,* 57

Cal.2d 450, 456, 20 Cal.Rptr. 321, 369 P.2d 937 (1962).

Being obligated to choose between conflicting appellate cases, the court elects to follow the wisdom and practicality of the appellate panel (as well as Judge Patel's reasoned decision in *Sanford*) rather than the terse and dispassionate mandate of *Pladson.*

IT IS THEREFORE ORDERED that the trustee's objection to the debtors' homestead exemption is overruled.