35 F.3d 462
 Bankr. L. Rep. P 76,094
In re William H. PLADSON and Barbara J.P. Snethen, Debtors.
John T. KENDALL, Trustee, Appellee,
v.
William H. PLADSON and Barbara J.P. Snethen, Debtors-Appellants.
 No. 93-15939.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided Sept. 13, 1994.
 
 1
 Anthony P. Fritz, Fritz & Myers, San Francisco, CA, for debtors.
 
 
 2
 Jeffrey C. Wurms, Wendel, Rosen, Black, Dean & Levitan, Oakland, CA, for appellee.
 
 
 3
 Gary S. Garfinkle for amicus curiae National Assn. of Consumer Bankruptcy Attorneys, Inc.
 
 
 4
 Appeal from the United States District Court for the Northern District of California.
 
 
 5
 Before: ALARCON and FERNANDEZ, Circuit Judges, and HILL, District Judge.*
 
 
 6
 Opinion by Judge HILL.
 
 IRVING HILL, District Judge:
 
 7
 In this opinion we hold that bankruptcy debtors may claim the California homestead exemption. We reverse a district court decision which held to the contrary.
 
 FACTS
 
 8
 William H. Pladson and Barbara J.P. Snethen, a married couple residing together, filed a joint Chapter 7 bankruptcy petition which claimed a homestead exemption of $52,000 in their residence. John Kendall, the court-appointed bankruptcy trustee, objected to the claimed homestead exemption and argued that bankruptcy debtors are not legally entitled to claim the California homestead exemption. The bankruptcy court overruled the trustee's objection and allowed the exemption. On appeal, the district court reversed the bankruptcy court, holding that California did not intend to give bankruptcy debtors the benefit of the homestead exemption because bankruptcy does not involve execution on a money judgment. In re Pladson, 154 B.R. 305 (N.D.Cal.1993). The holding essentially denied the homestead exemption to all California bankruptcy debtors.[1] The debtors' appeal to our court followed.
 
 DISCUSSION
 
 9
 For many years, courts routinely have allowed bankruptcy debtors to claim the California homestead exemption. See In re Donaldson, 156 B.R. 51 (Bankr.N.D.Cal.1993). The availability of the homestead exemption in bankruptcy rests on a complex web of federal and state statutes. But prior to the district court's decision in the instant case, the exemption's availability has never been seriously called into question, even though neither this Court nor any district court has expressly held that a bankruptcy debtor may claim the California homestead exemption. However, opinions of this Court and district and bankruptcy courts in this circuit have consistently assumed, sub silentio, that bankruptcy debtors can claim it.[2]
 
 
 10
 As stated above in footnote 1, the practical effect of the district court's decision is to deny the benefit of the California homestead exemption to all bankruptcy debtors. The decision below has been widely criticized and rejected by district and bankruptcy courts in this circuit,[3] and we can find no reported decision by either a bankruptcy or district court which follows it. Moreover, in response to the district court's decision, the California Legislature passed the following emergency legislation denouncing the decision below and amending the Code of Civil Procedure:
 
 
 11
 The Legislature finds and declares that [this amendment] is not a change in, but is declaratory of, existing law. The Legislature further finds and declares that the decision in In re Pladson, 154 B.R. 305 (N.D.Cal.1993), holding that the homestead exemption is not available in bankruptcy, is not a correct interpretation of California law.... It is not, and never has been, the intention of the Legislature to restrict any of the exemptions in bankruptcy because of technical language concerning the procedures for claiming exemptions in state money judgment enforcement proceedings....
 
 
 12
 Cal.Civ.Proc.Code Sec. 703.140 (West 1994 Supp.) [hereinafter CCP] (Historical and Statutory Notes) (emphasis added).[4]
 
 
 13
 We are convinced that the decision of the district court was erroneous and that reversal would be required even if the California Legislature had remained silent. The legislature's action and the unanimous rejection of the district court's decision by other courts fortify our conclusion. We therefore hold unequivocally that bankruptcy debtors in California are entitled to claim the California homestead exemption.
 
 
 14
 A. CALIFORNIA'S SCHEME OF EXEMPTIONS AS RELATED TO THE FEDERAL BANKRUPTCY EXEMPTIONS.
 
 
 15
 Since the nineteenth century, federal bankruptcy laws have provided various exemptions to bankruptcy debtors. 3 Collier on Bankruptcy p 522.01 (Lawrence P. King ed., 15th ed. 1994). These exemptions prevent certain property from becoming part of the bankruptcy estate, and thus place the exempted property beyond the reach of the bankruptcy trustee.[5] 11 U.S.C. Sec. 522(b)(2)(A) (1988). The current Bankruptcy Code exemptions are found in 11 U.S.C. Sec. 522(d) and include a $7,500 homestead exemption. Under the Code, however, states are given the authority to "opt-out" of the federal bankruptcy exemption scheme and enact their own exemptions for bankruptcy debtors. 11 U.S.C. Sec. 522(b) (1988). In 1984, the California Legislature did so. CCP Secs. 703.130-140 (West 1987).
 
 
 16
 The California opt-out legislation gives California bankruptcy debtors two mutually exclusive options. First, the debtor may elect a set of exemptions which closely track the exemptions provided by the Bankruptcy Code. CCP Sec. 703.140(b)(1-11) (West 1987). This set of exemptions includes a homestead exemption with a maximum of $7,500, which matches the maximum sum allowed under the federal homestead exemption. Id. Alternatively, a debtor may renounce this first set of exemptions, and instead claim the benefit of the exemptions available to judgment debtors in California. The judgment debtor exemptions provide homestead exemptions of $50,000, $75,000, or $100,000 depending on the homeowner's age, income, and family status. CCP Sec. 704.730 (West 1994 Supp.).[6]
 
 
 17
 B. THE DISTRICT COURT'S ERRONEOUS CONSTRUCTION OF THE CALIFORNIA HOMESTEAD EXEMPTION STATUTES.
 
 
 18
 We review the district court's construction of the California statutes de novo, Home Savings Bank v. Gillam, 952 F.2d 1152, 1156 (9th Cir.1991), and hold that its construction was erroneous.
 
 
 19
 When the California legislature opted-out of the federal exemption scheme in 1984, it clearly intended to grant bankruptcy debtors all of the exemptions afforded to judgment debtors, including the homestead exemption, in their entirety and without limitation. To accomplish this purpose, the legislature added a short new section to the Code of Civil Procedure which effectuated the grant by employing summary, umbrella language. The new section provided that "[i]f a petition is filed under Title 11 of the United States Code, the exemptions provided by this chapter ... shall be applicable...." CCP Sec. 703.140(a) (West 1987) (emphasis added). The "chapter" of the CCP referred to is Chapter 4 which defines the scope and application of all exemptions provided to judgment debtors. Chapter 4 contains the homestead exemption. See CCP Sec. 704.720 (West 1987). It is noteworthy that the new section added in 1984 does not exclude the homestead exemption from its broad language nor does it limit the homestead exemption in any way.[7]
 
 
 20
 Section 703.140, the 1984 granting section, did not contain language specifically amending the many existing statutory sections dealing with the scope of the various exemptions and the procedures for effectuating them. In view of the broad language employed in the statute granting exemptions to bankruptcy debtors, the legislature may well have decided that a host of specific amendments was not necessary. But the legislature's failure to amend each of those many existing statutes specifically to include bankruptcy debtors within their terms may well have played a part in the district court's erroneous construction.
 
 
 21
 The district court failed to give proper effect to the broad language of Section 703.140(a), the basic grant, and the district court failed as well to observe the well-established principle articulated by the California appellate courts that California homestead exemption statutes should be broadly and liberally construed. Webb v. Trippet, 235 Cal.App.3d 647, 650, 286 Cal.Rptr. 742 (1991). Instead, the district court (relying a great deal on a California appellate court decision, Spencer v. Lowery, 235 Cal.App.3d 1636, 1 Cal.Rptr.2d 795 (1991), which we discuss infra ) focused myopically on Section 704.720, one of the numerous above-mentioned statutes covering the scope of the various exemptions and the procedures to be employed in claiming them. By holding that Section 704.720 mandated a denial of the homestead exemption to bankruptcy debtors because bankruptcy does not involve a third party executing on a money judgment, the district court limited the rights of bankruptcy debtors far more extensively than the words of that section mandated.[8]
 
 
 22
 To demonstrate even more clearly the errors of statutory construction involved in the district court's judgment requires a meticulous consideration of the overall state statutory scheme involving exemptions generally, and particularly involving homestead exemptions. That effort in turn requires the parsing out of the language of many separate statutes and defining their relationship to each other.
 
 
 23
 For us to undertake that lengthy and scholarly task here is unnecessary. It has been done in the well-reasoned opinion of a respected bankruptcy judge, concurred in by six other veteran and respected bankruptcy judges. See In re Norman, 157 B.R. 460 (Bankr.C.D.Cal.1993). The opinion in Norman convincingly documents the misconstruction of the California statutes by the district court in the instant case.
 
 
 24
 C. THE DISTRICT COURT'S RELIANCE ON SPENCER v. LOWERY.
 
 
 25
 The district court's opinion places great emphasis on a 1991 decision by the California Court of Appeals, Spencer v. Lowery, 235 Cal.App.3d 1636, 1 Cal.Rptr.2d 795 (1991). The court below used the Spencer case to buttress its conclusion, but gave it even greater stature by observing that Spencer "reached the same conclusions on similar facts" and represented "controlling authority" which mandated the result it reached. We disagree on both counts. The facts of Spencer are quite different and the case is in no way controlling. Therefore, the rule that federal courts generally are required to follow state appellate holdings on matters of state law does not apply to the opinion in Spencer.
 
 
 26
 In Spencer, the beneficiary under a deed of trust foreclosed on a home when the Lowerys, the homeowners, defaulted on the underlying note. The plaintiff, Spencer, held a money judgment against the Lowerys arising from a totally different dispute. The foreclosure sale yielded $7,000.00 in excess of the unpaid portion of the trust deed note, and Spencer, the judgment creditor, sought to reach the excess under a writ of execution for his money judgment. The Lowerys claimed that they were entitled to the $7,000 by virtue of the homestead exemption provided to judgment debtors in Section 704.720.
 
 
 27
 The state court of appeals held that a homestead exemption may not be claimed by homeowners whose home is sold at a foreclosure sale. Spencer, 235 Cal.App.3d at 1638, 1 Cal.Rptr.2d 795. The judgment creditor was therefore allowed to execute on the $7,000.00. Spencer did not involve a bankruptcy debtor or the availability of the homestead exemption in bankruptcy. Thus, Spencer is in no way controlling in the instant case and it was decided on totally different facts.
 
 
 28
 In the Spencer opinion, the California court criticized a 1988 Bankruptcy Appellate Panel ("BAP") decision in In re Cole, 93 B.R. 707 (9th Cir. BAP 1988). This criticism seems to have impressed the district court and it read the criticism as rejecting outright the allowance of any homestead exemption to any bankruptcy debtor. In Cole, the BAP held that the California homestead exemption is available to Chapter 11 bankruptcy debtors. The California court called that holding "flawed". We give no effect to the California court's criticism of Cole because it was pure dicta, gratuitous and misguided dicta, with which we disagree. Federal courts are not bound by dicta of state appellate courts. See Hillery v. Rushen, 720 F.2d 1132, 1138 n. 5 (9th Cir.1983). We thus regard both the holding of Spencer and its criticism of Cole as not even slightly relevant or persuasive on the question before us.
 
 CONCLUSION
 
 29
 For the foregoing reasons, the decision below is reversed.
 
 
 30
 REVERSED.
 
 
 
 *
 Honorable Irving Hill, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The district court's opinion seems to indicate, quite sketchily, that a bankruptcy debtor might still be able to claim the homestead exemption in one limited type of case, i.e., where a judgment creditor, after the filing of a bankruptcy petition, was attempting to execute on a money judgment. This scenario is, as a practical matter, impossible. The automatic stay issued in all bankruptcy cases would prevent any such effort by the holder of a money judgment. Recognizing that fact, all courts which have commented on the trial court's opinion treat it as wiping out entirely the right of bankruptcy debtors in California to claim the homestead exemption. See, e.g., In re Norman, 157 B.R. 460 (Bankr.C.D.Cal.1993) (criticizing the decision below and refusing to follow it); In re Donaldson, 156 B.R. 51 (Bankr.N.D.Cal.1993) (same)
 
 
 [2]
 See e.g., In re Kahan, 28 F.3d 79 (9th Cir.1994); In re Hyman, 967 F.2d 1316, 1318 (9th Cir.1992); In re Reed, 940 F.2d 1317, 1321 (9th Cir.1991); In re Mayer, 167 B.R. 186 (9th Cir. BAP 1994); In re Herman, 120 B.R. 127 (Bankr.9th Cir.1990)
 
 
 [3]
 See e.g., In re Anderson, 1994 WL 125139, 1994 U.S. Dist. LEXIS 4496 (N.D.Cal. Apr. 4, 1994); In re Magill, 1994 WL 109772, 1994 U.S. Dist. LEXIS 3940 (N.D.Cal. Mar. 28, 1994); In re Hernandez, 1994 WL 28017, 1994 U.S. Dist. LEXIS 760 (N.D.Cal. Jan. 21, 1994); In re Norman, 157 B.R. 460 (Bankr.C.D.Cal.1993); In re Donaldson, 156 B.R. 51 (Bankr.N.D.Cal.1993)
 
 
 [4]
 The amendment was passed as an "urgency statute," and went into immediate effect on October 11, 1993. CCP Sec. 703.140 (West 1994 Supp.); see Wayne Johnson, The Embattled California Homestead Exemption, 21 Cal.Bankr.J. 305, 316-17 nn. 74-75 (1994)
 
 
 [5]
 In addition to protecting the debtor's home, federal bankruptcy exemption statutes apply, in varying amounts, to tools, professional equipment, household furnishings, wearing apparel, life insurance, health equipment, and jewelry, among others. 11 U.S.C. Sec. 522(d)(1-11) (1988). California's exemption statutes include the same type of property. CCP Sec. 703.140(b)(1-11) (West 1987)
 
 
 [6]
 Generally, homeowners choose the judgment debtor exemptions so that they can take advantage of the more generous homestead exemption. Renters find the exemptions modelled on federal exemptions more favorable. See 1982 Creditors' Remedies Legislation, 16 Cal.L.Revision Comm'n Reports 1001, 1098-99 (1982)
 
 
 [7]
 The text of the 1993 amendment to Section 703.140(a) removes any doubt as to the proper construction of the pertinent statutes. In addition to the language quoted above criticizing the trial court's opinion as incorrectly construing the applicable California statutes as they previously read, this amendment changed the language of Section 703.140(a), the broad grant. The amendment to that section, quoted below, makes it crystal-clear that the homestead exemption for bankruptcy debtors is not limited to the narrow group of cases involving attempted execution of a money judgment
 In a case under Title 11 of the United States Code, all of the exemptions provided by this chapter including the homestead exemption, ... are applicable regardless of whether there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale or any other procedure....
 CCP Sec. 703.140(a) (West 1994 Supp.) (underlined portions reflect 1993 additions to the statute).
 
 
 [8]
 The district court concluded that granting the homestead exemptions to bankruptcy debtors would somehow be giving them greater, broader exemptions than are afforded to judgment debtors. This conclusion cannot be logically supported. There is nothing in either Section 704.720 or Section 703.140, or in any other California statute on the subject of exemptions, which can be read to give bankruptcy debtors any greater rights than judgment debtors have. The trial court simply misconstrued the entire California statutory scheme and its various parts