82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Daniel C. CHADWICK, Debtor.
Daniel C. CHADWICK, Plaintiff-Appellant,
v.
Hyman DANOFF, Defendant-Appellee.
 No. 95-55144.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel C. Chadwick, a Chapter 7 bankruptcy debtor, appeals pro se the district court's affirmance of the bankruptcy court's decision denying his motion to exempt state court receiver Hyman Danoff's real property lien from Chadwick's bankruptcy estate pursuant to 11 U.S.C. § 522(f). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Chadwick contends that he was entitled to an undeclared homestead exemption from the lien under Cal.Code Civ.Proc. § 704.710 et seq. This contention lacks merit. The sale of Chadwick's real property was pursuant to a voluntary stipulation; therefore, the proceeds from the sale were not subject to a homestead exemption. See Cal.Code Civ.Proc. 704.720(b); Spencer v. Lowery, 235 Cal.App.3d 1636, 1638 (Cal.Ct.App.1991).
 
 
 4
 We also reject Chadwick's contention that the bankruptcy court improperly relied on a nonexistent prior order; the record shows that in denying Chadwick's motion to exempt the lien, the bankruptcy court relied on a prior oral ruling sustaining Danoff's objection to Chadwick's homestead exemption claim.
 
 
 5
 Finally, Chadwick contends that the bankruptcy court erred by failing to consider his arguments that Danoff's lien did not exist and that the lien already had been discharged in bankruptcy because Danoff did not timely file a complaint objecting to the lien's discharge. This contention lacks merit because Chadwick's motion concerned the determination of the contents of the property of the estate, and thus preceded any discharge. Moreover, he relies on 11 U.S.C. § 523(c), which applies only to discharge of debts for fraud.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3