In re: George Edward **DUDLEY** & Carmen Mae Dudley, Debtors.

George Edward **Dudley**; Carmen Mae Dudley, Appellants.

v.

Peter C. **ANDERSON**, Chapter 7 Trustee, Appellee.

Nos. 99–55756, 99–56440.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2001

Filed May 23, 2001

**1172**

Naomi R. Bernstein, Rancho Cucamonga, California, for the appellants.

D. Edward Hays, Irvine, California, for the appellee.

Before: PREGERSON, CANBY, and DAVID R. THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

George Edward Dudley and Carmen Mae Dudley bring two consolidated appeals. In appeal no. 99–56440, the Dudleys appeal the district court's order affirming the bankruptcy court's denial of their claim to an exemption of their individual retirement accounts ("IRAs") from claims of their creditors in their joint Chapter 7 bankruptcy estate. They contend their IRAs are exempt as "private retirement plans" under California Civil Procedure Code § 704.115(a)(3). The bankruptcy court and district court concluded that: (1) an IRA must be "designed and used for retirement purposes" to qualify as a private retirement plan under California Civil Procedure Code § 704.115(a)(3), and (2) the Dudleys were not using their IRAs for retirement purposes because they had withdrawn approximately $107,000 from their IRAs to pay ordinary living expenses and they testified that they would continue making withdrawals for such purposes in the future.

We conclude that, although an IRA must be designed and used for retirement purposes in order to qualify as a private retirement plan under California Civil Procedure Code § 704.115(a)(3), the bankruptcy court erred by failing to consider whether the IRAs were designed and used *principally* for retirement purposes, as opposed to *solely* for retirement purposes. Accordingly, in appeal no. 99–56440, we vacate the bankruptcy court's order denying the Dudleys' exemption claim, and remand to the district court for remand to the bankruptcy court for consideration of the question whether the Dudleys designed and used their IRAs *principally* for retirement purposes.

In appeal no. 99–55756, the Dudleys appeal the district court's order denying their emergency motion for a stay of the bankruptcy court's order. That appeal is

moot because a motions panel of this court granted the Dudleys' stay request and a stay of the bankruptcy court's order is currently in place. Accordingly, appeal no. 99–55756 is dismissed as moot.

## FACTS

The Dudleys filed a joint petition for Chapter 7 bankruptcy relief on May 4, 1998. At the time of that filing, George Dudley was 56 years old and Carmen Dudley was 53. Although it is unclear from the record, their attorney stated at oral argument that they have not retired and intend to work in the future.

In their bankruptcy petition, the Dudleys claimed two IRAs as exempt property under California Civil Procedure Code § 704.115(a)(3). That section permits a debtor to exempt an IRA from inclusion in a bankruptcy estate to the extent that the amount held in the account does not exceed the maximum amount exempt from federal income taxation.[1] The IRAs were roll-overs from ERISA-qualified plans and were valued on the Dudleys' schedule C at $110,271, which was the aggregate amount remaining in the accounts after the Dudleys had withdrawn approximately $107,000 to pay living expenses.

The bankruptcy court sustained the trustee's objection to the claimed exemption. In an order denying the Dudleys' motion for reconsideration, the bankruptcy court reasoned that: (1) to be exempt under § 704.115(a)(3), an IRA must be designed and used for retirement purposes, and (2) the IRAs were not being used for retirement purposes because the Dudleys had withdrawn approximately $107,000 from the accounts to pay ordinary living expenses during periods of unemployment

and underemployment, and testified that they would continue to use their IRAs for such non-retirement purposes. The district court affirmed the bankruptcy court's order and this appeal followed.

## DISCUSSION

### A. Standard of Review

We review de novo a district court's decision in an appeal from a bankruptcy court order. *See Richmond v. United States,* 172 F.3d 1099, 1101 (9th Cir.1999). We review the bankruptcy court's findings for clear error and its conclusions of law de novo. *See id.* We review de novo the scope of the exemption provided by California Civil Procedure Code § 704.115(a)(3). *See Bloom v. Robinson (In re Bloom),* 839 F.2d 1376, 1378 (9th Cir.1988).

### B. Jurisdiction

As an initial matter, the trustee asserts that we lack jurisdiction to consider the Dudleys' arguments regarding the bankruptcy court's order denying their exemption claim because, in their notice of appeal to the district court, they listed only the bankruptcy court's order denying their motion for reconsideration as the order appealed from, not the bankruptcy court's underlying order denying their exemption claim. This contention lacks merit.

The bankruptcy court denied the Dudleys' exemption claim in an order entered on January 12, 1999. On January 14, 1999, the Dudleys filed a timely motion for reconsideration, which tolled the ten-day period within which to file their notice of appeal to the district court. *See Bige-*

---

1. An IRA is a device which allows an individual to make up to $2,000 in tax deductible contributions per year to an account that is not subject to taxation until withdrawals are made from the account. *See* 26 U.S.C.

§§ 408(a)(1), 408(e)(1), 219(a). Generally, withdrawals prior to age 59 are subject to a 10% penalty and contributions are not tax deductible after the age of 70 1/2. *See* 26 U.S.C. §§ 72(t) & 219(d)(1).

*low v. Stoltenberg (In re Weston),* 41 F.3d 493, 495 (9th Cir.1994) (stating that a motion for reconsideration filed within 10 days after entry of judgment is considered to be a Fed. R. Bankr.P. 9023 motion and tolls the time for filing a notice of appeal). The bankruptcy court denied the Dudleys' motion for reconsideration on February 12, 1999, and on February 18, 1999, the Dudleys filed a timely notice of appeal from that order. *See* Fed. R. Bankr.P. 8002(a) (stating that a notice of appeal from a decision of the bankruptcy court must be filed within ten days of the date of entry of the judgment, order or decree). Although the Dudleys listed only the bankruptcy court's order denying their motion for reconsideration in their notice of appeal to the district court, Fed. R. Bankr.P. 8001(a) does not require that a notice of appeal to the district court designate the order appealed from. In *United States v. Arkison (In re Cascade Roads, Inc.),* 34 F.3d 756 (9th Cir.1994), we stated:

> Unlike Rule 3(c) [of the Federal Rules of Appellate Procedure], Rule 8001(a) does *not* require that notices of appeal to the district court "designate the judgment, order or part thereof appealed from." Rather, the bankruptcy rule requires only that a notice "contain the *names* of all parties to the judgment, order, or decree appealed from."

*Id.* at 761 (citing Fed. R. Bankr.P. 8001(a)) (emphasis in original); *see also Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 318, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) ("The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individuals or entity seeking to appeal."). The trustee does not contend that the Dudleys failed to list the names of all of the parties to the order appealed from in their notice of appeal to the district court.

Moreover, the district court, in its order affirming the bankruptcy court, considered the merits of the bankruptcy court's underlying order denying the Dudleys' exemption claim as well as the bankruptcy court's order denying reconsideration. *See McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987) (stating that a notice of appeal from the denial of a Rule 60(b) motion extended to underlying judgment where district court incorporated underlying judgment in Rule 60(b) order, appellant's opening brief addressed the propriety of the underlying judgment and the defendant fully briefed the issues). In sum, this court has jurisdiction to consider all of the issues raised in this appeal.

## C. California Civil Procedure Code § 704.115(a)(3)

California Civil Procedure Code § 704.115 provides that private retirement plans are exempt from inclusion in a bankruptcy estate. This statute reads in relevant part:

> (a) As used in this section, "private retirement plan" means:
>
> (1) Private retirement plans, including, but not limited to, union retirement plans.
>
> (2) Profit-sharing plans designed and used for retirement purposes.
>
> (3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.
>
> (b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death

benefit from a private retirement plan are exempt.

. . . .

(e) Notwithstanding subdivisions (b) and (d), except as provided in subdivision (f), the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires or for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires. . . .

Cal.Civ.Proc.Code § 704.115 (2000).

 The specific provision of § 704.115 that is applicable in this appeal is § 704.115(a)(3). In interpreting this provision, we apply California rules of construction. *See Lares v. West One Bank (In re Lares)*, 188 F.3d 1166, 1168 (9th Cir.1999). Under California law, the cardinal rule of statutory construction is to determine the intent of the legislature. *See Drouet v. Superior Court*, 86 Cal. App.4th 1237, 104 Cal.Rptr.2d 159, 169 (2001). To determine that intent, a court looks first to the language of the statute and gives effect to its plain meaning. *See Hale v. Southern Cal. IPA Med. Group, Inc.*, 86 Cal.App.4th 919, 103 Cal.Rptr.2d 773, 776 (2001). If the intent of the legislature is not clear from the language of the statute, extrinsic sources may be considered. *See id.* As an overall approach, we will construe an exemption statute in favor of the debtor. *See Spencer v. Lowery*, 235 Cal.App.3d 1636, 1 Cal.Rptr.2d 795, 797 (1991).

██ The Dudleys contend the bankruptcy court erred by concluding that an IRA must be designed and used for retirement purposes in order to qualify for the exemption under § 704.115(a)(3). They point out that the statute does not, on its face, require that an IRA be "designed and used for retirement purposes," and that the phrase "designed and used for retirement purposes" is used only in connection with "profit-sharing plans." *See* Cal.Civ. Proc.Code § 704.115(a)(2) ("Profit-sharing plans designed and used for retirement purposes."). According to the Dudleys, if the California Legislature had intended to exempt an IRA only if it was designed and used for retirement purposes, it could have done so explicitly as it did with profit-sharing plans. *See Cheng v. Gill (In re Cheng)*, 943 F.2d 1114, 1117 (9th Cir.1991).

We addressed a somewhat similar contention in *Bloom v. Robinson (In re Bloom)*, 839 F.2d 1376, 1378 (9th Cir. 1988)—whether a *private retirement plan* must be "designed and use for retirement purposes" to qualify for an exemption under § 704.115(a)(1). The debtor in *In re Bloom* acknowledged that, under § 704.115(a)(2), a profit-sharing plan must be "designed and used for retirement purposes" in order to be exempt, but argued that under § 704.115(a)(1), a private retirement plan was not subject to this standard. *See id.* at 1378. We addressed this argument as follows:

Bloom does not deny that profit-sharing plans must be designed and used for retirement purposes in order to be exempt. She argues, however, that retirement plans need not be held to the same standard. Apparently she would have us hold that any plan declared to be a "private retirement plan" is exempt merely by virtue of its name. It is true that § 704.115 does not explicitly require private retirement plans to be "designed and used for retirement purposes" in order to be exempt. But we believe the absent phrase is implicit in the term "retirement plans," while it is not in that of "profit-sharing plans." Our reason is simple. Many profit-sharing plans are not used and designed for retirement purposes. The same cannot

be said of retirement plans. Without regard to its label, a plan not used and designed for retirement purposes is not a retirement plan. Therefore, we apply the "designed and used for retirement purposes" standard to Bloom's retirement plan as well as her profit-sharing plan.

*Id.*

As with a private retirement plan under § 704.115(a)(1), the phrase "designed and used for retirement purposes" is implicit in the term "individual retirement annuities or accounts" as used in § 704.115(a)(3). *See* H.R.Rep. No. 94–455, at 346 (1976), reprinted in 1976 U.S.C.C.A.N. 2897, 3242 ("IRA's are supposed to be used for retirement purposes."); *Farrar v. McKown (In re McKown),* 203 F.3d 1188, 1188–90 (9th Cir.2000) (stating that an IRA, like a private retirement plan, is designed to provide retirement benefits); Richard L. Kaplan, "Retirement Funding and the Curious Evolution of Individual Retirement Accounts," 7 Elder L.J. 283, 284 (1999) ("In exchange for a tax deduction in the year the account was funded and the absence of current taxation of the account's investment profits, the taxpayer agree[s] to various restrictions designed to preserve the account for its intended purpose—namely, to provide income to the taxpayer during his or her retirement.").

■ We conclude the bankruptcy court correctly determined that the "designed and used for retirement purposes" test was the test to be. applied to determine whether the Dudleys' IRAs were exempt from claims of their creditors under § 704.115(a)(3). The bankruptcy court erred, however, by failing to recognize that an IRA may qualify for the exemption under § 704.115(a)(3) if the IRA was designed and used *principally* for retirement purposes, as opposed to *only* for retirement purposes. *See, e.g., Daniel v. Security Pacific Nat'l Bank (In re Daniel),* 771 F.2d 1352, 1358 (9th Cir.1985) (holding that because the debtor's profit-sharing plan operated to meet debtor's short-term personal needs by lending money or shielding and hiding funds from creditors, it was not "*principally* used for retirement purposes") (emphasis added); *see also In re Bloom,* 839 F.2d at 1378–79 (relying on *In re Daniel* and concluding that the debtor's private retirement plan and profit-sharing plans were not "so abused as to lose their retirement purpose.").

■ The fact that a debtor has withdrawn or will withdraw sums from an IRA for non-retirement purposes does not automatically disqualify the debtor from claiming the amount remaining in the IRA as exempt under § 704.115(a)(3). "If the primary purpose is to provide income for a debtor in retirement, the assets in the plan should be exempt under § 704.115. Otherwise, even a de minimis depletion of the plan assets would destroy the exemption, which would be contrary to the purpose of the exemption statute to preserve income for retirees." *Jacoway v. Wolfe (In re Jacoway),* 255 B.R. 234, 240 (9th Cir. BAP2000) (citing *In re MacIntyre,* 74 F.3d 186, 188 (9th Cir.1996) ("The purpose of the section 704.115 exemption for the corpus of private retirement plans is to safeguard a stream of income for retirees at the expense of bankruptcy creditors.")).

We believe the Bankruptcy Appellate Panel stated the appropriate inquiry in *In re Jacoway:*

> There is no indication in this case that the bankruptcy court took into consideration that the plan could have two purposes, one to supplement current income and the other to provide for retirement. Particularly in light of the liberal construction given to exemption statutes, *see Spencer v. Lowery,* 235 Cal.App.3d 1636, 1639, 1 Cal.Rptr.2d 795 (1991), where [an IRA] is designed and used for

dual purposes, the court should consider whether the principal purpose is to provide for retirement or to provide for current needs. *In re Jacoway,* 255 B.R. at 239.

In determining whether an IRA has been designed and used principally for retirement purposes, "[a]ll factors are relevant; but no one is dispositive." *In re Bloom,* 839 F.2d at 1379. A non-exhaustive list of relevant factors would include the purpose of the withdrawals from the IRA, *cf. In re Daniel,* 771 F.2d at 1357, whether the applicable procedures for IRA withdrawals were followed, *see In re Bloom,* 839 F.2d at 1379, the frequency of the withdrawals, and whether the IRA was used to shield or hide funds from creditors or the bankruptcy court, *see In re Bloom,* 839 F.2d at 1379; *In re Daniel,* 771 F.2d at 1358, and "whether any withdrawals diminished or will diminish the assets in the [IRA] to such an extent that they are inconsistent with the majority of the assets being used for long-term retirement purposes," *In re Jacoway,* 255 B.R. at 239–40 (citing *In re Daniel,* 771 F.2d at 1358).

We vacate the bankruptcy court's order and remand to the district court to remand to the bankruptcy court to consider, in light of "all factors," whether the Dudleys designed and used their IRAs principally for retirement purposes. *See In re Bloom,* 839 F.2d at 1379.

Appeal No. 99–56440 is VACATED and REMANDED.

Appeal No. 99–55756 is DISMISSED as moot.