**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonel MENDOZA–MARTINEZ,**
**Defendant–Appellant.**

**No. 01–50716.**

**D.C. No. CR–01–2159–HDM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Leonel Mendoza–Martinez appeals his alien smuggling conviction. *See* 8 U.S.C. § 1324. He argues that the district court's denial of his request to continue the trial on September 11, 2001, violated his right to a fair trial. *See* U.S. Const. Amend. VI. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

(1) Mendoza–Martinez's claim is moot. Moments after the district court denied his request to "continue the trial at least a day or so," the courthouse was shut down by an order of the Chief Judge, and the case was continued until the following day. Mendoza–Martinez's claim that he should

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have been granted a continuance is moot, because his case was in fact continued. *See Connolly v. Pension Ben. Guar. Corp.*, 673 F.2d 1110, 1113 (9th Cir.1982); *see also Dudley v. Anderson (In re Dudley)*, 249 F.3d 1170, 1172–73 (9th Cir.2001).

(2) Mendoza–Martinez argues that because of the tragic events of September 11, 2001, a jury chosen that day could not have considered the alien smuggling charges against him in a fair and unbiased manner. However, he presented no evidence of a nexus between his case and any September 11th media coverage that could have biased a jury against him. *See United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir.1996).[1] Moreover, Mendoza–Martinez failed to produce any evidence that the community had been saturated with prejudicial and inflammatory media coverage about his crime, or that the jurors evinced "actual partiality or hostility that could not be laid aside." *Id.* at 410.[2]

On this record, then, we cannot conclude that the district court's denial of the motion was an abuse of discretion. *See United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir.1999) (en banc).

**AFFIRMED.**

---

1. In fact, Mendoza–Martinez points to not a single news report in support of his claim.

2. When the court asked counsel for Mendoza–Martinez whether there were any specific questions he wanted asked of the jury during *voir dire*, Mendoza–Martinez requested that the jury be asked whether, in view of the events of that day, the jury would be comfortable sitting on the case, and how they felt about a smuggling case that day. The court agreed to do so. Such *voir dire* was adequate

to reveal any latent prejudice arising out of pre-trial publicity. *See United States v. Taylor*, 693 F.2d 919, 923–24 (9th Cir.1982).