**In re Gene GARDINER, Debtor.**

No. 04–07370–H7.

United States Bankruptcy Court, S.D. California.

Sept. 30, 2005.

Robert B. Shanner, Esq., Shanner &
Shanner, San Diego, CA, for Debtor.

Yosina M. Lissebeck, Esq., Financial
Law Group, La Jolla, CA, for trustee.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Debtor Gene Gardiner (the "Debtor") claimed an exemption in a workers' compensation award in the amount of $37,000 pursuant to California Code Civil Procedure ("CCP") section 704.160.

Before the Court is Leslie Gladstone's, the Chapter 7 trustee (the "Trustee"), Motion for Summary Judgment. At issue is whether the Debtor's workers' compensation award lost its exempt status because the funds were invested in a house.

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### I.

### FACTS

Debtor received net proceeds of $40,326.47 in workers' compensation due to injuries he sustained in the scope of his employment as a carpenter. He deposited the proceeds in his AXP Management Fund Account (the "AXP Account").

Thereafter, Debtor and his wife purchased a house in Oceanside, California with some community funds and his separate property, including his workers' compensation award. The settlement statement associated with the purchase showed the receipt of funds that were wire transferred from the Debtor's AXP Account in the amount of $49,360.00.

Subsequently, the Debtor and his wife went through a divorce and it became necessary to sell the house. On November 9, 2002, the house was sold. It was acknowledged in the Addendum to the Residential

Purchase Agreement that Debtor contributed his workers' compensation award to purchase the house and that those funds would be returned to him prior to any other distribution of the sale proceeds. Due to the divorce proceedings, all of the sale proceeds were placed in the Debtor's ex-wife's attorney's trust account.

Subsequently, Debtor and his wife reached a stipulation in their dissolution whereby they agreed that $40,326.57 of the sale proceeds were earmarked as the Debtor's workers' compensation award. That amount was returned to the Debtor and he deposited the funds into his Mission Federal Credit Union account.

## II.

### DISCUSSION

#### A. *STANDARDS FOR SUMMARY JUDGMENT*

Summary judgment is appropriate where the Trustee, as the moving party, shows by "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992). Once the moving party meets its initial burden, the Debtor, as the non-moving party must go beyond the pleadings and, by his own affidavits or by the depositions, answers to interrogatories, and admissions on file, come forth with specific facts to show that a genuine issue of material fact exists. *Id.* at 541–42; *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993).

If there is a genuine issue of material fact, the Court cannot grant summary judgment. A material fact is one which "could alter the outcome" of the case. *Horowitz v. Fed. Kemper Life Assurance*

*Co.,* 57 F.3d 300, 302 n. 1 (3rd Cir.1995). It is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### B. *THE WORKERS' COMPENSATION AWARD DID NOT LOSE ITS EXEMPT STATUS EVEN THOUGH IT WAS USED TO PURCHASE THE HOUSE*

California has opted out of the federal exemptions contained in 11 U.S.C. section 522(b)(1). The Debtor is therefore permitted to claim as exempt only that property which is exempt under state law. *See* CCP section 703.130; *Wolf v. Salven (In re Wolf),* 248 B.R. 365, 367 (9th Cir. BAP 2000). It is undisputed that the Debtor's workers' compensation award was exempt when initially received pursuant to CCP section 704.160.

It is the Trustee's position, however, that since the Debtor used his workers' compensation award to purchase the house with his wife, and commingled the award with other funds, the award is no longer exempt. The Trustee cites no authority for her proposition that converting the workers' compensation award into another form of asset automatically results in the award losing its exempt status and the Court has found none that is directly on point.

The Court first examines whether the Debtor's workers' compensation award lost its exempt status under CCP section 704.160 when it was used to purchase the house. The starting point for analysis is the relevant exemption statute, CCP section 704.160, which provides in pertinent part:

> [B]efore payment, a claim for workers' compensation or workers' compensation

awarded or adjudged is exempt without making a claim. Except as specified in subdivision (b), after payment, the award is exempt.

 In interpreting CCP section 704.160, the Court applies California rules of construction. *Dudley v. Anderson (In re Dudley)*, 249 F.3d 1170, 1175 (9th Cir. 2001).

Under California law, the cardinal rule of statutory construction is to determine the intent of the legislature. To determine that intent, a court looks first to the language of the statute and gives effect to its plain meaning. If the intent of the legislature is not clear from the language of the statute, legislative history may be considered. As an overall approach, we will construe an exemption statute in favor of the debtor.

*Id.* (internal citations omitted).

 The Court must also construe the statute keeping in mind that "[u]nder the Code and California law, exemptions are to be construed broadly and liberally in favor of the debtor." *In re Rolland*, 317 B.R. 402, 412 (Bankr.C.D.Cal.2004) *citing In re Arrol*, 207 B.R. 662, 665 (Bankr. N.D.Cal.1997). "Where there are ambiguities in the state [exemption] law they are to be resolved in favor of the bankrupt unless to do so would do violence to the purpose of the state statutory scheme." *In re Sanford*, 8 B.R. 761, 765 (N.D.Cal. 1981).

 The Court finds that CCP section 704.160 is unambiguous. It simply states that a workers' compensation award after payment is exempt without any limitations specified. It does not say once the award is invested in other property it becomes nonexempt. The Court cannot read into the statute a restriction that is not there. Presumably if the legislature had intended to place a restriction on a workers' compensation award's exempt status after payment, it would have said so as it did in other exemption statutes.[1] Moreover, the California legislature has specifically manifested its intent that exempt funds remain exempt even though they are converted from one form of asset (for example, a check) to another form of asset (for example, cash or its equivalent in a deposit account), to the extent the funds can be traced. *See* CCP 703.080.

In construing a similar workers' compensation exemption statute in New Hampshire, one court noted:

[T]here appears to be no basis upon which to distinguish a bank deposit comprised of workers' compensation benefits from a car acquired with compensation benefits. In each case, identifiable benefits are simply converted from one form of asset to another. In the latter example, the conversion would be entirely consistent with the benefit's purpose 'to sustain [the injured employee] in a fashion measurably consistent with his [or her] former habits of life.'

---

1. Other exemption statutes address the situation where there is a change of exempt property from one form to another such as personal or real property into proceeds. For example, in CCP 704.010 an exemption in a motor vehicle is authorized in the amount of $2300, which includes the proceeds of an execution sale or proceeds of insurance. *See* CCP 704.010(a). Yet, the statute specifically provides that the proceeds are exempt for a period of 90 days after the time the proceeds are actually received by the judgment debtor at which time the exemption expires. *See* CCP 704.010(b). The proceeds can be protected after the applicable time period only if they are converted to exempt property. Other statutes are in accord by protecting the proceeds of exempt property for certain time periods, *see* CCP 704.060 (tools of the trade); CCP 704.020 (household furnishings); CCP 704.720, 704.960 (homestead).

Workers' compensation benefits are expected to be put to useful purposes, such as buying food, clothing, shelter, transportation, and other necessities for an injured employee and his or her family. The protection provided by the legislature when it exempted *'compensation ... from all claims of creditors,'* would indeed be *'next to futile'* if it operated only as a shield for benefits held in the form of a payment check, or demand deposit in a bank, but did not shield the things bought with the money made available. The legislature intended no such illusory protection.

*In re Williams,* 171 B.R. 451, 453 (D.N.H. 1994) (finding that an exemption for workers' compensation proceeds extends to car purchased with proceeds) (internal citations omitted and emphasis in original); *See In re Nelson,* 179 B.R. 811 (Bankr. W.D.Va.1994) (finding that exemption for workers' compensation proceeds extends to lot and mobile home purchased with the proceeds); *contra In re Burchard,* 214 B.R. 494 (Bankr.D.Neb.1997) (finding that exemption for proceeds of personal injury lawsuit did not extend to assets acquired with those proceeds).

To the extent there is any ambiguity regarding the Debtor's ability to convert an exempt asset from one form of property to another, the Court construes the exemption statutes broadly and liberally in favor of the Debtor and adopts the rationale set forth in *Williams,* 171 B.R. at 453.

The Court concludes that the Debtor's workers' compensation award retained its exempt status, subject to the tracing provision of CCP 703.080,[2] even though the award was converted several times from one form of asset to another (workers' compensation check into AXP Account, AXP Account to Escrow for the purchase of the house; sale of the house; sale proceeds to ex-wife's attorney's trust account;[3] attorney's trust account to Debtor in form of check; check deposited into Debtor's Mission Federal Credit Union account).

### III.

### CONCLUSION

The Court denies the Trustee's motion for summary judgment.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

---

2. It was essentially undisputed that Debtor adequately traced his workers' compensation award pursuant to CCP section 703.080. The parties agreed that the amount of $2064 should be turned over to the Trustee because they represented nonexempt funds in the Debtor's Mission Federal Credit Union account as of the date of the filing.

3. At one point the Trustee argued that the award lost its exempt status when the pro- ceeds from the sale of the Property went into his ex-wife's attorney's trust account since the Debtor no longer had control of the funds. However, there was no authority cited nor could this Court find any authority for the Trustee's position. Moreover, the ex-wife's attorney held the funds in a fiduciary capacity for the benefit of both the ex-wife and the Debtor pending resolution of their dissolution.