Terrance K. KELLY, Plaintiff–Appellant,

v.

MTS INCORPORATED, a California corporation d/b/a Tower Records; John Does 1–20, Defendants–Appellees.

No. 99–16121.

D.C. No. CV–97–00610–BRM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 14, 2001.

**756**

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

MEMORANDUM *

Terrance Kelly appeals the district court's judgment following a jury verdict in favor of MTS Inc., d/b/a Tower Records ("Tower"), in a sexual harassment action Kelly brought under Title VII and Hawaii law. Prior to trial the district court ruled that Tower's human resource expert, Craig Pratt, could testify despite Tower's initial failure to comply with expert disclosure requirements. The jury found, by special verdict, that Kelly failed to prove by a preponderance of the evidence that he was subject to a hostile work environment while employed by Tower. Kelly appeals the ruling admitting Pratt's testimony.

Tower requests, in a separate motion, that the Court impose sanctions on Kelly and his attorney for bringing a frivolous appeal and for violating the Federal Rules of Appellate Procedure. We affirm the district court's evidentiary ruling and deny

* This disposition is not appropriate for publication and may not be cited to or by the courts

the motion for sanctions. As the parties are familiar with the facts of this case, we do not recite them here.

A. Admissibility of Expert Witness Testimony.

■ The standard of review for evidentiary rulings on the admissibility of expert witness testimony is abuse of discretion. *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). "[T]he appellate court will not reverse in such a case, unless the ruling is manifestly erroneous." *Id.* at 142, 118 S.Ct. 512 (quoting *Spring Co. v. Edgar,* 99 U.S. 645, 658, 25 L.Ed. 487 (1879)) (emphasis added); *see also Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927–28 (9th Cir.2000) ("Evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice.").

Kelly contends that deficiencies in Tower's August 10, 1998, expert witness disclosure should have barred Pratt's testimony at trial. Kelly argues that Fed.R.Civ.P. 37(c)(1) requires the district court to strike an expert witness when disclosure deadlines have not been met. Tower's counsel represented to the district court that it could not meet the August 10 deadline because Kelly had not produced certain tapes, but Pratt's deposition testimony later revealed that he had not been contacted by Tower until August 10. This misleading tactic by Tower's counsel was the basis for Kelly's motion to strike Pratt, which was initially granted but later reversed on Tower's motion for reconsideration.

Rule 37(c)(1) did not require the district court to exclude Pratt as a trial witness. The rule does not apply where a failure to disclose is harmless. In fact, Rule 37(c)(1)

of this circuit except as may be provided by 9th Cir. R. 36–3.

only applies where a party "fails to disclose information required by Rule 26(a) ...." Tower admits that its August 10 disclosure was incomplete, but Tower's September 24 disclosure was in strict compliance with Rule 26(a)(2)(B). Even if Tower had never provided a complete disclosure, however, the court would have been required to strike Pratt's testimony only if there was no substantial justification for Tower's failure to disclose. Fed. R.Civ.P. 37(c)(1).

Tower's failure to provide a complete expert disclosure by August 10 was both harmless and substantially justified. Tower made a detailed disclosure regarding Pratt's testimony on September 4, 1998, a complete disclosure on September 24, and Kelly deposed Pratt for two days on October 5 and 6 at Tower's expense. Kelly had ample notice of Pratt's testimony weeks before trial. The district court addressed Tower's dilatory conduct by assessing it the discovery costs for Pratt's deposition.

Tower also had substantial reasons justifying its failure to fully disclose Pratt's testimony by August 10. These include: 1) Kelly's failure to provide a complete disclosure for Hippensteele, the expert witness Pratt was hired to rebut, by the August 3 deadline; 2) evidence that Kelly never provided a complete Rule 26 disclosure for Hippensteele; and 3) the Supreme Court's recognition, a few months before the August 10 disclosure date, of an affirmative defense which necessitated Pratt's testimony.

Both parties in this case failed to comply with expert disclosure deadlines. The district court chose to admit the testimony of both parties' experts and did not exceed its discretion in so doing. The district court's decision was amply justified and, even if it was not, it did not prejudice Kelly so as to require reversal. The order allowing Pratt to testify is affirmed.

**B. Motion for Sanctions.**

Tower requests that this Court impose sanctions against Kelly and/or his attorney, Emlyn Higa, pursuant to Rules 38 and 46 of the Federal Rules of Appellate Procedure. Tower argues that Kelly and/or Higa should be punished for filing a frivolous appeal of a ruling that cannot affect the substantial rights of the parties. Tower requests $15,061.50 in attorneys' fees and double costs amounting to $3,478.36. Kelly did not respond to the motion.

Fed. R.App. P. 38 allows the Court to award damages and single or double costs if 1) the Court determines the appeal is frivolous, and 2) the party against whom sanctions are to be awarded has been given notice and a reasonable opportunity to respond. Under Fed. R.App. P. 46(c), the Court may impose sanctions against counsel for failure to comply with the Federal Rules of Appellate Procedure or any Circuit Rule if counsel is provided notice and an opportunity to respond. *See* Fed. R.App. P. 46 advisory committee's note.

We decline to award sanctions in this case.

Judgment AFFIRMED; motion for sanctions DENIED.